UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MARCIANNE J. PRICE,

                Plaintiff,

      -against-                              6:12-CV-1797 (LEK/ATB)

BERKSHIRE FARM CENTER AND
SERVICES FOR YOUTH,

                Defendant.

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

Plaintiff Marcianne J. Price ("Plaintiff") brings claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., arising out of her former employment with Defendant Berkshire Farm Center and Services for Youth ("Defendant" or "Berkshire"). See Dkt. No. 1 ("Complaint"). Defendant has moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to properly allege reasonable accommodations. See Dkt. No. 7 ("Motion"). For the reasons that follow, the Motion is denied.

**II.    BACKGROUND**[1]

Plaintiff began working for Defendant, a nonprofit youth center, in June 2010. Compl. ¶¶ 7, 10. On September 30, 2010, one of the youths at Berkshire attacked Plaintiff with a fire extinguisher. Id. ¶¶ 12-13. Plaintiff was hospitalized and unable to return to work for at least a

---

[1] Because this matter is before the Court on a motion to dismiss, the allegations of the Amended Complaint are accepted as true and form the basis of this section. See Boyd v. Nationwide Mut. Ins. Co., 208 F.3d 406, 408 (2d Cir. 2000); see also Matson v. Bd. of Educ., 631 F.3d 57, 72 (2d Cir. 2011) (noting that, in addressing a motion to dismiss, a court must view a plaintiff's factual allegations "in a light most favorable to the plaintiff and draw[] all reasonable inferences in her favor").

week.  Id. ¶¶ 13, 15.  She repeatedly notified Defendant of her injury and her need to seek additional medical care before returning to work.  Id. ¶¶ 18, 20-22.  Plaintiff's physicians also attempted to contact Defendant regarding her "medical condition and . . . needs for accommodation," but Defendant "evaded" those communication attempts.  Id. ¶ 23.  On October 6, 2010, Defendant fired Plaintiff for being a "No-Call, No-Show."  Id. ¶ 26.

Plaintiff filed her Complaint on December 7, 2012.  Defendant then filed the Motion and an accompanying Memorandum.  See Dkt. No. 7-5 ("Memorandum").  Defendant argues that the Complaint should be dismissed because Plaintiff has not, and cannot, identify a reasonable accommodation that would have allowed her to perform the essential functions of her position.  See generally id.  Plaintiff filed a Response and Defendant a Reply.  See Dkt. Nos. 10 ("Response"); 11 ("Reply").

### III. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also FED. R. CIV. P. 12(b)(6).  Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]."  Twombly, 550 U.S. at 556.  "[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]" do not suffice.  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).  Thus, although a court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff, see Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006), an action is subject to dismissal where the court is unable to infer more than the "sheer

possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

**IV. DISCUSSION**

An ADA plaintiff may bring claims for discriminatory termination and failure to accommodate. See McMillan v. City of New York, 711 F.3d 120, 125-26 (2d Cir. 2013). The Complaint plausibly contains both claims. See Compl. ¶¶ 23, 26, 28-31. A plaintiff bringing either claim must show that, despite her disability, she was "qualified to perform the essential functions of the job with or without reasonable accommodation." Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 134 (2d Cir. 2008); see also McMillan, 711 F.3d at 125-26; Graham v. Watertown City Sch. Dist., No. 10-CV-756, 2011 WL 1344149, at *7 (N.D.N.Y. Apr. 8, 2011).[2] Thus, unless a plaintiff can perform the essential functions of her position without accommodation,[3] she must show that a reasonable accommodation[4] existed that would have allowed her to do so. Defendant argues that the Complaint must be dismissed because: (1) Plaintiff has not pointed to a specific reasonable accommodation that would have allowed her to perform the essential functions of her position; and (2) Plaintiff is estopped from asserting that any such accommodation existed because she applied for

---

[2] A failure-to-accommodate claim also involves a showing that the employer refused to make a reasonable accommodation that would have allowed the Plaintiff to perform the essential functions of her position. See McMillan 711 F.3d at 125-26.

[3] The Complaint indicates that Plaintiff required accommodation to perform the essential functions of her position. See Compl. ¶¶ 21 (noting that Plaintiff was unable to return to work a few days after her injury), 23 (referencing Plaintiff's "needs for accommodation"), 29 (alleging that Defendant failed to accommodate Plaintiff's disability).

[4] EEOC regulations define "reasonable accommodation" to include "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable an individual with a disability who is qualified to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii).

3

and received thirteen months of total disability payments from the New York Workers' Compensation Board. See generally Mem.; Reply.

### A. Failure to Allege Specific Reasonable Accommodations

Defendant argues that Plaintiff has not alleged that a specific reasonable accommodation existed that would have allowed her to perform the essential functions of her position. See Mem. at 1; see also Compl. ¶ 23 (noting Plaintiff's "needs for accommodation"). While a failure to plead specific reasonable accommodations may justify dismissal, see Shaywitz v. Am. Bd. of Psychiatry & Neurology, 675 F. Supp. 2d 376, 390 (S.D.N.Y. 2009) ("All that plaintiffs must do at the motion to dismiss stage is plead the existence of a plausible accommodation." (quotation omitted)), it does not do so here, for two reasons: (1) Defendant's alleged failure to engage in the ADA-required interactive process may have prevented Plaintiff from identifying specific reasonable accommodations; and (2) the Complaint implicitly alleges specific reasonable accommodations.

#### *1. Failure to Engage in the Interactive Process*

"[T]he ADA envisions an 'interactive process' by which employers and employees work together to assess whether an employee's disability can be reasonably accommodated." McBride v. BIC Consumer Products Mfg. Co., Inc., 583 F.3d 92, 99 (2d Cir. 2009) (quotation marks omitted); see also 29 C.F.R. § 1630.2(o)(2)(ii)(3) ("To determine the appropriate reasonable accommodation it may be necessary for the covered entity to initiate an informal, interactive process with the individual with a disability in need of the accommodation."). Because the reasonableness of an accommodation is determined by, *inter alia*, its availability and cost to the employer, see Staron v. McDonald's Corp., 51 F.3d 353, 356 (2d Cir. 1995) ("[T]he determination of whether a particular modification is 'reasonable' involves a fact-specific, case-by-case inquiry that considers, among

4

other factors, the effectiveness of the modification in light of the nature of the disability in question and *the cost to the organization that would implement it*." (citations omitted and emphasis added)), this interactive process helps the *employee* identify specific reasonable accommodations. See Cusack v. News Am. Marketing In-Store, Inc., 371 F. App'x 157, 157 (2d Cir. 2010) (noting "the interactive process envisioned by the ADA by which employers and employees work together to assess whether an employee's disability can be reasonably accommodated"); 29 C.F.R. § 1630.2(o)(2)(ii)(3) ("This process should identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations."). Plaintiff alleges that her physicians attempted to initiate this interactive process by repeatedly trying to discuss her need for accommodations with Defendant, but Defendant would not participate. Compl. ¶ 23. Defendant's failure to engage in the ADA-required interactive process deprived Plaintiff of information regarding the reasonableness of potential accommodations and may thereby have caused the lack of specificity in Plaintiff's Complaint.[5] Defendant is therefore not entitled to dismissal. Cf. Goonan v. Fed. Reserve Bank of N.Y., 916 F. Supp. 2d 470, 484 (S.D.N.Y. 2013) (denying motion to dismiss where plaintiff "pleaded factual allegations sufficient to show that [her employer] failed to participate in good faith and to make reasonable efforts to help the other party

---

[5] Defendant correctly notes that, in order for its failure to engage in the interactive process to be actionable, Plaintiff must show that a reasonable accommodation existed. But the very failure to engage that Plaintiff is challenging has prevented her from making such a showing. While Plaintiff will have to point to a specific reasonable accommodation at the close of discovery, see McBride, 583 F.3d at 101 ("The employer's failure to engage in such an interactive process, however, does not relieve a plaintiff of her burden of demonstrating, *following discovery*, that some accommodation of her disability was possible." (emphasis added)); see also McElwee v. County of Orange, 700 F.3d 635, 642 (2d Cir. 2012) ("[A]n employee may not *recover* based on his employer's failure to engage in an interactive process if he cannot show that a reasonable accommodation existed at the time of his dismissal." (emphasis added)), she need not do so now.

5

determine what specific accommodations are necessary" (quotation marks omitted)).

### 2. Implicit Accommodations Allegations

Even if Plaintiff were required to identify specific reasonable accommodations in her Complaint, she has done so implicitly. The Complaint alleges that Plaintiff was terminated for failing to inform Defendant that she would be absent, even though she had repeatedly done so. See Compl. ¶ 26. Thus, the Complaint indicates that Defendants might have reasonably accommodated Plaintiff's disability merely by accepting and acknowledging her communications regarding attendance. Plaintiff also alleges that she was fired less than a week after her injury-caused absence began. See id. ¶¶ 12, 26. She thus plausibly alleges that Defendant could have reasonably accommodated her disability by giving her a brief leave of absence. See Graves v. Finch Pruyn & Co., Inc., 457 F.3d 181, 185 n.5 (2d Cir. 2006) (declining to reach the issue but noting that "[m]ost other circuits and the Equal Employment Opportunity Commission have concluded that, in some circumstances, an unpaid leave of absence can be a reasonable accommodation under the ADA").

**B. Workers' Compensation Estoppel**

Defendant further argues that Plaintiff's claim for, and receipt of, thirteen months of total-disability workers' compensation payments estops her from claiming that a reasonable accommodation existed that would have allowed her to perform the essential functions of her position.[6] This is not so. A plaintiff's assertion in workers' compensation or other proceedings that

---

[6] Defendant argues that the Court can take judicial notice of Plaintiff's workers' compensation application and award. See Mem. at 2; Reply at 3; Dkt. Nos. 7-2 to -4; see also Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002) (noting that a court may take judicial notice of "public records" in deciding a motion to dismiss). The permissibility of such judicial notice need not be decided, because the Court determines that dismissal is inappropriate even if such notice is taken.

she is totally disabled or unable to work does not estop her from claiming under the ADA that she could have performed the essential functions of her position with reasonable accommodation. See Mitchell v. Washingtonville Cent. Sch. Dist., 190 F.3d 1, 7 (2d Cir. 1999) (noting with approval district court's refusal to find that plaintiff's application for workers' compensation benefits estopped him from raising ADA claim); see also Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 802-03 (1999) (reasoning that in light of the different purposes and tests of the ADA and social security disability schemes, the statement that "I am too disabled to work" made in obtaining social security benefits does not inherently conflict with a later claim under the ADA that "I am not too disabled to work"); Parker v. Columbia Pictures Indus., 204 F.3d 326, 333-35 (2d Cir. 2000) (finding that employee's statements in applications for social security disability benefits that he was completely incapacitated did not preclude determination in ADA action that he was capable of working when reasonably accommodated). While Plaintiff will be required to explain on summary judgment how she would have been able to perform the essential functions of her position despite being totally disabled for workers' compensation purposes, she need not do so now. See Cleveland, 526 U.S. 795, 798 ("[A]n ADA plaintiff cannot simply ignore her . . . contention that she was too disabled to work. *To survive a defendant's motion for summary judgment*, she must explain why that . . . contention is consistent with her ADA claim that she could 'perform the essential functions' of her previous job, at least with 'reasonable accommodation.'" (emphasis added)).

V. **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion (Dkt. No. 7) to dismiss is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and

7

Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     December  09, 2013
           Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge